THOMAS J. CHAMBERLAIN et al., as Executors, etc., Appellants, *v.* HASCAL L. TAYLOR et al., Respondents.

The will of B., after various devises and bequests, which disposed of but a small portion of his property, directed that his residuary estate, most of which was personalty, be divided into two parts, one of said parts "to be paid" to a religious corporation, the other to a college named. Then followed a clause giving to his executors all of his real and personal property, not specifically devised and bequeathed, in trust, "for the payment of the bequests and legacies;" and for the purpose of executing the trusts, he authorized them to sell and convert the estate, real and personal, into cash. In an action of ejectment to recover possession of certain real estate, of which the testator died, seized, *held,* that the trustees took no title to the land under the will; but that it descended to the heirs of the testator; that no trust was created thereby "to sell, mortgage or lease lands, for the benefit of legatees or for the purpose of satisfying any charge thereon" (1 R. S. 728, § 55, sub. 2,, as there are no imperative directions to sell the lands, and the purposes of the will did not require it; also, that under the statute of uses and trusts, in case of such a trust, no estate in the land vests in the trustees unless they are authorized to receive the rents and profits. (1 R. S. 729, § 56.)

*Lent* v. *Howard* (89 N. Y. 169); *Donovan* v. *Van De Mark* (78 N. Y. 244), distinguished.

Also, *held,* that no title in the executors could be implied, as the gifts were in conflict with the provisions of the statute forbidding testamentary gifts to religious and other charitable corporations in certain cases in

excess of one-half of the testator's property (chap. 360, Laws of 1860), and it was the duty of the executors to satisfy the valid legacies out of the personal estate.

The legal rights of an heir to the real property of a deceased person cannot be defeated except by a valid devise of the property to another; and, although a testator may have intended a conversion of his real estate, this does not affect the transfer of title unless the intention is manifested in the mode and language required by the statute.

Also, *held*, that the authority given to the executors to sell the real estate did not work an equitable conversion, as there was no necessity for such a conversion to satisfy the valid provisions of the will.

Equity will never presume a conversion unless it is demanded to accomplish the lawful purposes expressed in the will.

Also, *held*, that the former decision of this court in *Chamberlain* v. *Chamberlain* (43 N. Y. 424), wherein the same will was under consideration, determined substantially the questions here presented, and rendered those questions *stare decisis*.

This action was brought by the grantee of the executors under the provision of the Code of Civil Procedure (§ 1507), which authorizes a grantee, whose deed is void because of adverse possession at the time of its execution, to maintain an action of ejectment in the name of the grantor. *Held*, that the intent of the provision is to enable the grantee to avail himself of a title which overreached the right of the adverse possessor; that the action could only be based upon a valid title in the grantor; that, as the grantors here had no such title, they stand as plaintiffs in the case, precisely as though no conveyance had been made; and so, that the action was not maintainable.

(Argued February 9, 1887; decided April 19, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made at the January Term 1885 which affirmed a judgment in favor of defendants entered upon a decision of the court on trial without a jury.

The nature of the action and the material facts are stated in the opinion.

*F. D. Northrup* and *William F. Cogswell* for appellants. The plaintiffs duly established on the trial title in themselves and were entitled to a decision finding and asserting such title in fee, and that they were entitled to the possession of the premises. (Code of Civil Proc., §§ 1502, 1519.) The clauses of the will which directed the executors to sell and convert all

the testator's real and personal "estate into cash," for the pur-
pose of distribution, etc., operated in law as an equitable con-
version of the real estate into money, and the title to it vested
in the executors. (*Chamberlain* v. *Chamberlain,* 43 N. Y.
425, 431; *Vincent* v. *New House,* 83 id. 512; *Robert* v.
*Corning,* 89 id. 239; *Dodge* v. *Pond,* 23 id. 69, 76; *Powers*
v. *Cassidy,* 79 id 603, 613; *Shumway* v. *Harman,* 6 N. Y.
Supr. (T. & C.) 626; *Stagg* v. *Jackson,* 1 N. Y. 212; *Forsyth*
v. *Rathbone,* 34 Barb. 388, 405; Leigh & Dalz. on Eq. Conv.
5, 109; *Reading* v. *Blackwell,* Baldw. R. 172; *Moncrief* v.
*Ross,* 50 N. Y. 5; *Tickle* v. *Quinn,* 1 Dem. 425; *Irish*
v. *Huested,* 39 Barb. 411; *Lent* v. *Howard,* 89 N. Y. 169;
*Hatch* v. *Bassett,* 52 N. Y. 361; *Shaw* v. *Chambers,* 14 Mich.
Rep. 50; *Craig* v. *Leslie,* 3 Wheat. 563; 4 Cond. 331; *Brinley*
v. *Whitney,* 5 Pick. 348; *Stephens* v. *Deming,* 60 Ind. 486;
*Flannagan* v. *Flannagan,* 8 Abb. [N. C.] 413; *Fulton* v.
*Edgar,* 19 Week. Dig. 429; *Morse* v. *Morse,* 85 N. Y. 60,
61; 92 N. Y. 348, 351; *Hart* v. *Coltrain,* 24 Wend. 14;
*Haight* v. *Brisbin,* 96 N. Y. 131; *Phelps* v. *Phelps,* 28
Barb. 139; *Harris* v. *Slaght,* 46 id. 503; *Van* v. *Barnett,* 19
Ves. 338; *Ashley* v. *Palmer,* 1 Meriv. 296; 5 Law Lib. 60,
69, 70; *Leavitt* v. *Wolcott,* 65 How. 51; 1 Will. on Ex.
417; *Downing* v. *Marshall,* 1 Abb. Ct. App. Dec. 543; 2
Spenc. Eq. Jur. 242; *Burley* v. *Everlyn,* 16 Sim. 290; 29
Alb. L. J. 107; *Hood* v. *Hood,* 85 N. Y. 561; *Messenger* v.
*Casey,* 18 N. Y. Week. Dig. 71; *Kearney* v. *Missionary
Soc.* 10 Abb. [N. C.] 274; *Arnold* v. *Gilbert,* 5 Barb. 190;
*Betts* v. *Betts,* 4 Abb. [N. C.] 318; *Downing* v. *Marshall,*
4 Abb. Ct. App. Dec. 662, 667; *Fisher* v. *Banta,* 66 N. Y.
468; *In re Mahan,* 32 Hun, 73; *Kune* v. *Gott,* 24
Wend. 641, 659; *Seigel* v. *Anger,* 1 Abb. [N. C.] 368;
*Belcher* v. *Belcher,* 30 Alb. L. J. 438; *In re River-
side Park,* 20 N. Y. Week. Dig. 117; *Byrnes* v. *Baer,* 86
N. Y. 219; *Jackson* v. *Schrauber,* 7 Cow. 194.) The devise
of all the estate of the testator, to the plaintiffs, by neces-
sary implication included the rents and profits thereof.
(*Lent* v. *Howard,* 89 N. Y. 169; *Allen* v. *Dewitt,* 3 id. 285;

*Everett* v. *Everett*, 29 id. 71, 82, 98; 1 Ed. Stat. at Large, 678, § 55, subd. 2; *Hatch* v. *Bassett*, 52 N. Y. 359; *Armstrong* v. *Ingersoll*, 20 Hun, 313; *Stagg* v. *Jackson*, 1 N. Y. 206; *Tickle* v. *Quinn, supra; Lyons* v. *Mahan*, 1 Dem. 180.) The trust was valid and vested the title in the executors. (*Morse* v. *Morse*, 85 N. Y. 59; *Thomas* v. *N. Y. L. Ins. Co.*, 19 Week. Dig. 335; *Byrnes* v. *Baer*, 86 N. Y. 210, 220; *Floyd* v. *Carow*, 88 id. 568.) The title to the land in controversy in this action was vested in the executors at the death of the testator, the plaintiffs had power to sell the said land in their discretion, the defendants had no right to call in question the exercise of their discretion, and it cannot be questioned collaterally in this action. (Gerard on Real Estate, 450; *Roseboom* v. *Mosher*, 2 Denio, 68; 3 Edw. Ch. 571; 92 N. Y. 351, 352; 4 Redf. 156; 50 N. Y. 436; *Jackson* v. *Brinkerhoff*, 3 Johns. Cas. 101; *Chapman* v. *D. L. & W. R. R. Co.*, 3 Lans. 261, 262; *Ward* v. *Ward*, 16 Abb. [N. C.] 253; *Doe* v. *Willan*, 2 Barn. & Ald. 84; *Germond* v. *Jones*, 2 Hill, 576; *Tilden* v. *Hyde*, 2 S. & S. 228; *Warnford* v. *Thompson*, 3 Ves. 515; *Bogart* v. *Hill*, 4 Hill, 501.) Executors are always trustees of the testator, and any property not disposed of by the will, the executors take in trust for the party entitled to it, under the statute of distributions. (*Wager* v. *Wager*, 98 N. Y. 166; 1 William on Exrs., 294; *Brown* v. *Smith*, 10 Paige, 198; *Byrnes* v. *Baer*, 86 N. Y. 220; *Floyd* v. *Carow*, 88 id. 560.) Under the particular provision of the statute, the plaintiffs are entitled to maintain this action. The power to sell for division and distribution implies that they have such a title as will maintain this action. (*Donovan* v. *Van De Mark*, 78 N. Y. 246.)

*D. H. Bolles* and *John G. Hall*, for respondents. The plaintiffs showed no title whatever, no right of possession, and no right to commence or prosecute this action or any action of the like character. (R. S., art. 2, tit. 2, chap. 1, pt. 2, §§ 45, 55, 59; *Boynton* v. *Hoyt*, 1 Denio, 53; *Hawley* v. *James*, 16 Wend. 60, 114; *Cook* v. *Platt*, 98 N. Y. 35; *Morse*

v. *Morse*, 85 id. 53.) There was no conversion of the realty in this case. (*McCarthy* v. *Terry*, 7 Lans. 236; *Giraud* v. *Giraud*, 58 How. Pr. 175; *Hawley* v. *James*, 7 Paige, 213; *Downing* v. *Marshall*, 23 N. Y. 381; *White* v. *Howard*, 46 id. 144.) The title to the land in dispute was, at the commencement of the action, in the heirs-at-law of the testator, and they alone could maintain the action. (*Jackson* v. *Schauber*, 7 Cow. 187; *Moncrief* v. *Ross*, 50 N. Y. 431; *Lent* v. *Howard*, 89 id. 169; *Wilder* v. *Ranney*, 95 id. 7.)

RUGER, Ch. J. This is an action of ejectment to recover possession of one hundred and fifty-six acres of land situate in the county of Cattaraugus, brought by the plaintiffs as executors of the will of Benjamin Chamberlain. The plaintiffs claim that Benjamin Chamberlain died, seized of an estate in fee simple in such land, in February, 1868, and that power of sale, as well as the title thereto, became vested in them by virtue of the provisions of his will. They also claim that, having executed the power of sale by conveying the lands to one Freeman, in 1880, for a valuable consideration, and such deed being void by reason of an adverse possession in the defendants at the time of its execution, this action is brought, under the statute, for his benefit to recover such lands.

It is an elementary rule in ejectment, that the plaintiff must recover, if at all, upon the strength of his own title, and not upon the weakness of his adversary's, and this being so, it will be unnecessary to consider the defenses pleaded in the answer, unless we come to the conclusion that the plaintiffs derived title to the premises under the will of the testator. Upon the trial, the court directed a verdict for the defendants, holding that the plaintiff had shown no title in the premises, and the General Term, on appeal, affirmed such judgment.

The question presented is determinable by the provisions of the will, and such additional force as may be given to the plaintiff's claim, by reason of the conveyance to Freeman, and the provisions of the statute authorizing an action for his benefit in the name of his grantors.

The provisions of the will are somewhat voluminous, but, so far as they bear upon the questions under discussion, are substantially comprised in its eighteenth and twenty-second subdivisions, which read as follows: " 18th. I hereby further will and direct that all my estate, not otherwise hereinbefore disposed of, be divided into two equal parts, one of said parts to be paid to the Centenary Fund Society of the Erie Annual Conference of the Methodist Episcopal Church, to be by said corporation invested and kept permanently invested, and the interest and income thereof used and expended by said corporation for the benefit of Allegany College at Meadville, Pennsylvania, in such manner and for such specific purposes as said corporation shall direct; and that the other of said parts be paid by my executors to the trustees of the Chamberlain Institute, to be by said trustees permanently invested in bonds and mortgages upon productive farming lands in this State; such mortgages to be first liens. The said principal to be kept permanently invested, and the interest and income thereof to be received by said trustees and by them used in the payment of the salaries of tutors and professors employed to teach in said institute, and in purchasing books and apparatus for the library of said institute," etc. " 22d. I hereby further nominate and appoint as executors of this, my last will and testament, Thomas J. Chamberlain, Amos Dow, Charles P. Adams and Alonzo Kent. And I give, bequeath and devise all my real and personal estate not hereinbefore specially devised and bequeathed, to my said executors in trust for the payment of the bequests and legacies hereinbefore specified and ready to be paid; and for the purpose of executing such trust I hereby authorize and empower them to sell and convert all my real and personal estate into cash, and for that purpose authorize them to execute and deliver the necessary conveyances, assignments and releases of the same, and to sell such estate or any part thereof at such time or times and upon such terms as to them shall seem proper."

It is, of course, well settled that a general devise of lands in trust to executors, to sell and convey them, vests no title in

the trustees. (*Manice* v. *Manice*, 43 N. Y. 304.) It will be observed that the testator has not, by any express language, attempted to vest the title of his real estate in his executors, and that, is not claimed by the appellants, but they seek to imply his intent to do so from a consideration of the various provisions of the will, and mainly from that authorizing them to convert his real estate into cash. An unanswerable objection to such an implication seems to us to arise from the express provisions of the statute relating to uses and trusts, which practically forbids it unless, in addition to the creation of a valid trust, the power to take the rents and profits is also given to the executors. It is not claimed that the devise contained in such clause is brought within the description of any of the express trusts, authorized by statute, unless it may be that permitted by subdivision 2 of section 55, article 2, title 2, chapter 1, part 2 of the Revised Statutes, allowing the creation of a trust, "to sell, mortgage or lease land for the benefit of legatees, or to satisfy charges on it." We are, however, of the opinion, for several reasons hereafter stated, that such a trust was not thereby created. The will directs the executors to divide the testator's whole residuary estate into two parts; one of which is directed to be paid to the Centenary Fund Society, and the other to the trustees of the Chamberlain Institute, and for the purpose of making such division they are authorized and empowered to sell and convert all of his real and personal estate into cash. Undoubtedly a strong implication arises from the use of the word "paid" in directing the satisfaction of the legacies, that it was intended by the testator that the real estate should be converted into money, and thus handed over to the legatees, but there is no imperative direction given to sell the lands, neither do the purposes of the will require such a sale, and a legal performance of the duties enjoined upon the executors could have been effected by a distribution of the property in specie, to the legatees. The distribution or division of the residuary estate between the named legatees, was the main object contemplated by the testator and not its sale, and

although he might have intended a conversion of the real estate, it does not effect the transfer of the title, unless the intention to do so is manifested in the mode and language required by the statute. That expressly provides in the case of such a trust that no estate in the land vests in the trustees unless they are also authorized to receive its rents and profits. (§ 56, *ante.*)

Although the provisions of the will are inoperative to create a valid express trust under the statute yet the power therein conferred might still be exercised as a power in trust, but in that event it is also expressly provided that the title shall descend to the heirs-at-law, subject to the execution of the power. (§§ 56, 58, 59 R. S.; *Cooke* v. *Platt,* 98 N. Y. 35; *Konvalinka* v. *Schlegel,* 104 id. 125; *Downing* v. *Marshall,* 23 id. 366.) It was held in *Cooke* v. *Platt* (98 N. Y. 35) that a merely discretionary power of sale in the executors for purposes of distribution, even though connected with the right to receive the rents and profits, did not vest them with title to real estate. Much less would this be so where no power to take rents and profits was given by the will, or inferrable from the purposes therein contemplated. (See, also, *White* v. *Howard,* 46 N. Y. 144.) The cases of *Lent* v. *Howard* (89 N. Y. 169, 175) and *Donovan* v. *Van De Mark* (78 id. 244), cited by the appellants, are not in conflict with the views expressed, but rather tend to support them. In the first case it was held that the will did not vest the title in the executors, but it descended to the heirs; but under the special provisions of the will, it was decided that the right to the rents and profits of the real estate was separable from the right to the possession, and those received by the executors, intermediate the death of the testator and the execution of the power of sale, were intended to be given to and belonged to the executors for the purposes of the will.

In *Donovan* v. *Van De Mark* it was held that the will devised the real estate to the executor in trust, with power, either directly or inferentially, to receive the rents and profits and apply them according to his judgment, and that therefore

a valid trust was created and a legal title vested in the trustee. In that case the right to take the rents and profits was by the will clearly intended to be given to the executor and in that respect it differs from the case at bar.

The argument, that title in the executor was to be implied from the intent expressed in sections 18 and 22 to give it to them, is effectually refuted by reason of the adjudication of this court, in *Chamberlain* v. *Chamberlain* (43 N. Y. 424), holding that said devises were invalid to the extent of one-half of the residuary estate, as being in conflict with the provisions of the statute forbidding testamentary bequests to religious and other charitable societies or corporations, in certain cases, in excess of one-half of the testator's property. (Chap. 360, Laws of 1860.) The case shows that the real estate of the testator embraced but a small portion of his property, and that the personal estate was much more than sufficient to satisfy all of the valid legacies. It was, therefore, the duty of the executors to satisfy such legacies, from the personal estate, and resort to the real estate, for such purpose could be had, only when they were expressly charged upon it. An intent to satisfy these devises by a sale of the real estate cannot, therefore, be drawn from the provisions of this will. It is clear that there has been no valid devise of the land, either to the executors or to any other persons, and nothing to prevent its regular descent to the legal heirs of the testator. It is a settled principle of law that the legal rights of the heir or distributee, to the property of deceased persons cannot be defeated except by a valid devise of such property to other persons. (*Haxtun* v. *Corse*, 2 Barb. Ch. 506, 521; *Jackson* v. *Schauber*, 7 Cow. 187, 195; *Post* v. *Hover*, 33 N. Y. 593, 597; *White* v. *Howard*, 46 id. 144; *Hawley* v. *James*, 16 Wend. 61.)

It was said by the chancellor in *Haxtun* v. *Corse* (2 Barb. Ch. 521) that "it was not sufficient to deprive an heir-at-law or distributee of what comes to him by operation of law, as property not effectually disposed of by will, that the testator should have signified his intention by his will that his heir or

distributee, should not inherit any part of his estate. But to deprive an heir or distributee of his share of the property which the law gives him in case of intestacy, the testator must make a valid and effectual disposition thereof to some other person." It is, therefore, quite plain that the executors did not take title to the lands in question under the will, unless such claim can be supported upon some other theory than the one discussed.

It is, however, urged that the authority given the executors to sell and convey the real estate for the purposes of the will worked an equitable conversion, and so changed its character as to take it out of the operation of the rules provided by statute, for the descent of real estate. As we have seen, under the construction given to this will, there was no necessity in satisfying its purposes, that there should be a conversion, and equity will never presume a conversion unless it is demanded to accomplish the lawful purposes expressed in the will by the testator.

Judge ALLEN said, in *Chamberlain* v. *Chamberlain* (43 N. Y., 431): "*If the residuary bequests are valid,* there was an equitable conversion of the whole estate into personalty;" but he then proceeded to show that they were valid only to the extent of one-half the value of the property, and it follows, as a corrollary to such conclusion, that an equitable conversion had not taken place. This question came under consideration in *White* v. *Howard* (46 N. Y. 162), where GROVER, J., said: "To constitute conversion of real estate into personal, in the absence of an actual sale, it must be made the duty of, and obligatory upon, the trustees to sell in any event, such conversion rests upon the principle that equity considers that as done which ought to have been done. A mere discretionary power of selling produces no such result." It was also held in that case that so far as the will made no valid disposition of the real estate it vested in the heirs.

While, in the determination of the claims of heirs, devisees and legatees arising under a will, the law will consider a conversion of real into personal property to have taken place for

certain purposes in special cases, it never does so unless there has been a valid devise of the property in dispute in some form to a specified beneficiary, and the purposes of the will require it to be done. It was said by Judge EARL, in *Wilder* v. *Ranney* (95 N. Y., 7, 12), that " there may have been a conversion of this real estate into personalty for many purposes, but nor for all purposes. It physically remained real estate, taxable as such, controllable as such, and it could only be conveyed as such, and the rules of law generally applicable to real estate remained applicable to this."

In that case it was held that an equitable conversion of the real estate did not authorize its sale and conveyance by one executor without the co-operation of his co-executor.

The decision of this case might also, we think, have been rested altogether upon the former determination of this court in *Chamberlain* v. *Chamberlain* (*supra*), which rendered the questions therein determined *stare decisis*. The validity of the trust attempted to be created by the provisions in question, having there come under consideration it was held that in so far as the testator attempted by the residuary clause to give to the institutions therein named, more than one-half of his residuary estate, his effort was ineffectual, and that such portion of his estate as was not well disposed of by will, descended to the testator's heirs-at-law and next of kin. Under this decision and in accordance with the remittitur transmitted to it, judgment was on the 3d of October, 1871, entered in the Supreme Court in the clerk's office of Cattaraugus county, by which it was determined "that the real estate of the said Benjamin Chamberlain, which he held or owned at the time of his decease, descended to his heirs-at-law, subject to the execution of such of the valid and effectual provisions of said last will and testament as relate to or affect the same," and exempt as aforesaid from any claim or right of dower on the part of the said Lucy Chamberlain, and that in case, after the payment of the debts of the testator and the execution of the valid and effectual provisions of said last will and testament, there shall remain any surplus from the

personal estate of said testator, such surplus shall, and is hereby declared and held to belong to and shall be distributed and divided between and among the next of kin of said testator as their rights shall appear, in the manner provided by law in cases of intestacy."

The action in which this judgment was rendered was brought by one Calvin J. Chamberlain in behalf of himself and the other heirs-at-law and next of kin of Benjamin Chamberlain against the plaintiffs herein, the executors of the said Benjamin Chamberlain, and the principal legatees under such will, to obtain a construction of its provisions. A necessary result of this determination, under the doctrine of *stare decisis*, is to foreclose all parties from the right or privilege of reopening or discussing again the questions therein determined.

It was said by DENIO, J., in *Towle* v. *Forney* (14 N. Y. 423), that "the cases, however, are extremely rare in which the determination of the highest appellate court can be properly departed from, when the same legal question arises before a court of the same government. If it shall be thought that an erroneous rule has been established by the adjudication relied on as a precedent, it is better that it should be changed by the legislature by an act which cannot retrospect, than that the courts should overturn what they have themselves established, and thus disappoint all who have acted upon the rule which had been considered settled. If this is so where an abstract rule of law determined in a prior case is sought to be applied to new facts, the reason is stronger when, as in this case, a series of particular acts has been passed upon and held to produce a given legal result and the same identical facts are again before the court between other parties. In such a case there being no pretense of collusion and no reason to impute carelessness or inattention to the judges, the determination should be considered final and conclusive upon all persons in interest or who may become interested in the question, as well as upon the parties to the particular action." *(Chase* v. *Chase*, 95 N. Y. 373.)

The application of this doctrine to the case in hand seems peculiarly appropriate, inasmuch as a large estate has been administered by the present plaintiffs, in accordance with the principles declared in the former decision, and the entire known property of the testator converted and distributed among the heirs-at-law, next of kin and legatees, by a judicial settlement before the surrogate, acquiesced in by all parties interested. As early as 1875 a large sum derived from the residuary estate had been equally distributed by judicial proceedings, between the residuary legatees and the next of kin, and said legatees had executed and delivered to the plaintiffs proper vouchers acknowledging full satisfaction of their legacies.

But one question remains to be discussed, and that relates to the effect which the deed from the executors to Freeman has upon this action. It is clear that such a deed being void under the statute could have no affirmative effect in supporting the cause of action. While the statute in such a case authorizes the grantee in the deed to maintain an action in the name of his grantor to recover possession of the lands described, from the occupant thereof, it is obvious that such deed adds nothing to the original right of the grantors. (§ 1501, Code of Civ. Pro.)

The intent of the statute was to enable the grantee to avail himself of a title which over-reached the right of the adverse possessor, and bar such possessor from making the objection that the plaintiff in the action had parted with his title. Such an action can be maintained independent of the consent of the grantor, and is supposed to be conducted by the grantee alone for his own benefit, but it must necessarily be sustained, if sustainable at all, upon the validity of the title originally existing in his grantor. It is brought in his name and upon the theory of an original right in him to the possession of the property. But it has been seen that the plaintiffs never acquired any title or right to the possession of the disputed premises. The title to the premises originally existing in their testator passed at the time of his death to his

heirs, and from that time they alone had a right to the property, and the exclusive right to maintain an action for its possession.

The power of sale given by the will to the executors could be made effectual only by its valid exercise, and this it is clear has never been effected. They stand, therefore, as plaintiffs in this case precisely as though its exercise had never been attempted, and they were asserting only the rights in the property which the will gave them. As we have before shown they did not take the title by the will, and they have shown no other right to recover in this case.

The judgment should be affirmed.

All concur.

Judgment affirmed.