Pratt, J.—On
the death of the testator, one-half the estate vested absolutely in the heirs-at-law subject to the
*600 life estate of the widow. The residuary bequest being invalid, there was no conversion of the whole estate into personalty.
The case of Chamberlain v. Taylor (105 N. Y., 185; 7 N. Y. State R., 517) is a controlling authority upon this question. It is true in that case there was an attempt to create a trust, but in this case, like that of Chamberlain v. Taylor, there was no necessity for presuming a conversion in order to carry out the lawful purposes of the will. One-half the property vested in the heirs, and they could take the real estate, free from the power of sale, as there is no direction that they should only receive money. No valid trust is created by this will, and no absolute general direction given to the executor to sell and distribute the proceeds. The will can be carried out without any sale.
The case of Kearney v. Missionary Society of St. Paul (10 Abb. N. C., 274) is not in point. In that case the whole purpose of the will was valid, and could not be carried out without a conversion of the real into personal property. A valid trust was created, which could not be executed without such conversion, and the case simply holds that the mere fact that a beneficiary (one entitled only to receive money) could not take the full amount bequeathed to it, did not defeat the general scheme of the will. We think under the case of Chamberlain v. Taylor (supra) the power of sale was invalid.
The defendant must, therefore, have judgment.
Barnard, P. J., and Dykman, J., concur.