BROOKS *v.* TERRY *et al.*

(*Supreme Court, General Term, First Department.* April 17, 1891.)

1. TESTAMENTARY POWERS—DEEDS BY EXECUTORS AND TRUSTEES.

Executors under a will were also appointed trustees, with power to raise a fund, by sale of real or personal estate, for the support of testator's wife. *Held*, that a purchaser of real estate, sold under said power, was entitled to a conveyance thereof from said executors as trustees, and that a conveyance by them in their executorial capacity was inoperative to convey the title

2. CONSTRUCTION OF WILL—IMPLIED TRUSTS.

Testator bequeathed to his wife "the use, interest, income, and profit" of his entire real and personal estate, for her support and maintenance during life or widowhood, and the education of his children. By a subsequent clause he appointed his executors "trustees of the said legacy" to his wife, with power to sell his real and personal estate to raise a fund for the support of the wife in lieu of dower. *Held* that, although a trust was not created in favor of the wife, by the express terms of the will, it arose by implication from the language of the testator, both as to the real as well as the personal estate.

Submission of controversy without action, upon statement of facts agreed on, between Ferdinand Brooks, plaintiff, and John T. Terry and another, as executors and trustees under the will of Edmund Terry, deceased, defendants.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Townsend & Mahan*, for plaintiff. *Edmund R. Terry*, for defendants.

DANIELS, J. The defendants, as executor and executrix of the estate of Edmund Terry, deceased, entered into an agreement with the plaintiff to sell and convey to him a parcel of land situated on the westerly side of Ninth avenue, near Fortieth street, in the city of New York. The land was part of the estate of the testator, and, at the time finally appointed for the completion of the agreement, they tendered a deed to him for the conveyance of the land, which was executed by them only as executors. The deed was declined by the plaintiff, and this case has been submitted to obtain the determination of this court upon the point whether it was sufficient to convey the title to him. After directing the payment of the testator's debts, he gave and bequeathed to his wife "the use, interest, income, and profit of and from all of my real and personal estate, of every name and nature whatsoever, and wheresoever situated, which I may have or of which I may be possessed at the time of my decease, so long as she shall continue to be my widow, to be appropriated by her to her support and the maintenance and education of my children; and upon her marriage or death, whichever shall first happen, all said property is to go to my children, as herein provided; and I hereby constitute and appoint my wife, Anna, and my brother, John T.

Terry, trustees of the said legacy to my said wife; and they are hereby instructed to loan the same on bond and mortgage upon real estate of at least double the value of the amount loaned, or invest in securities regarded as equally safe, but in no case in speculative securities, so called or considered, or to let the same remain invested as they find the same at the time of my decease, if they shall think best so to do; and pay over to her, my said wife, the net income, after deducting charges and incidental expenses; and I give my said trustees joint power to sell or dispose of any or all of said real or personal property at public or private sale, at such time or times, and upon such terms, and in such manner, as to them shall seem meet. This provision for my said wife to be in lieu of dower." And it is upon the construction which this paragraph should receive that the disposition of the controversy must depend. A trust in favor of the widow, for the benefit of herself and the children, was not expressly created by it; but that was not necessary, for if, by clear implication, the intention to provide a trust for her and their benefit has been disclosed, that will be sufficient to maintain it. *Morse* v. *Morse*, 85 N. Y. 53; *Toronto Trust Co.* v. *Chicago, etc., R. Co.*, 123 N. Y. 37, 25 N. E. Rep. 198. And that such an intention has been embodied in this part of the will is supported by the directions contained in it; for while the testator has given to his widow the use, interest, income, and profit of his estate during her life, or as long as she shall remain his widow, he has directed that to be provided through the intervention of the trustees of his estate. They have been appointed trustees of the beneficial interest given to her, and which he has denominated her "legacy;" and, to secure to her the income, they have been directed to loan the money of the estate upon bond and mortgage, and to pay over to her the income, after deducting the charges and incidental expenses; and, to promote that end, power has been given to them to sell and dispose of any or all of his real estate. It is not to be disguised that his will has been awkwardly framed in this respect. But what he seems to have intended was that his widow should have the income and proceeds of his estate for these objects, after deducting the charges and expenses of its management, and this income and proceeds are what he intended should be understood as her legacy; and of that the executors were appointed trustees, with directions to pay the amount realized to her. It is true that he has not by apt words included the proceeds of the real estate in this direction, but as its use, as well as the income, interest, and profit, have all been included in the words "said legacy," it is to be fairly inferred that he designed that it should be brought under the management of the trustees, substantially in the same manner as the funds they have been directed to loan. And this is further confirmed by the power of sale which has been delegated alone to the trustees of this legacy; and all the directions intended for their observance are consistent with no other construction than that he intended to create a trust for the benefit of his widow and children through which the interest, income, and profit of the estate should be received by the executors as trustees, and paid over to her, after deducting the expenses and charges incurred in its management, and that the power of sale was given to advance that object. This certainly was the intention as to the funds which were to be loaned on bond and mortgage, and power was given to convert the real estate into money, and loan it out in the same manner. There was no direction for any separation of the real from the personal estate in the management. But the intention to vest all alike in the trustees is evinced by declaring them trustees of her legacy, which included the use, interest, income, and profit of the estate as an entirety. It was all in this manner brought under their control, and equally for her and their benefit; and that benefit could be no otherwise effectually secured than to devote to her this income of all the testator's property; and that this complete degree of control was intended appears further from the next paragraph of the will, directing that, "notwithstanding the above provisions, it is my

will that my said trustees may, and they are hereby directed and ordered to, make a payment of not exceeding five thousand ($5,000) dollars to either of my said children by way of advancement, if at any time it shall be the opinion of my said wife that the well-being or interest of either of my said children shall require it; and the amount of such payment, with interest from the time of payment, shall be charged to such child or children in the final distribution of my estate, to take place on the marriage or death of said wife, as herein provided." But, however the conclusion may be regarded that a trust in the entire estate was created, there can be no room for doubt that this trust did exist over the funds to be loaned on bond and mortgage; and the executors were made trustees over that part of the property; and it was in their capacity of trustees that they were empowered to sell the real estate, and convert it into money; and that, under the language of the statute, as the authorities have construed it, was a valid power of sale. This was fully conceded in *Chamberlain* v. *Taylor*, 105 N. Y. 185, 192, 11 N. E. Rep. 625. What that case has decided is that such a power was not a trust, as express trusts have been declared and provided, but that it was a power in trust; and the reason why the plaintiffs in that action could not maintain it was that they did not become vested with the title of the land in question, for the sole reason that no other than a power had been created, upon the effect of which, unexecuted, an action of ejectment could not be maintained. That the power could be lawfully exercised was not denied, but, on the contrary, it was assumed that it could be, and the provision defining powers has certainly provided that it could be done. But whether there was a trust lawfully extended over the real estate, or whether it was confined to the funds of the estate, the result must be the same, for the power was delegated to the executors as trustees, and not otherwise; and, to lawfully execute it, they were required to act in that capacity. They did not so act, but executed the deed intended to convey the title to the plaintiff only as executors. That was inoperative, and was not aided by the additional deed executed by the widow, whose sole object was to release any claim she might be at liberty to assert as dowress. The plaintiff was not bound by the contract with him to accept these deeds. What he was entitled to was a deed conveying the title to the land, and that deed was not offered to him by the defendants. Judgment should therefore be pronounced in his favor that the defendants, as trustees, convey this land to him, or, in default thereof, pay him the sum of $500 received by them from him, with the interest thereon, and the expenses incurred in the examination of the title, and also pay to him the costs of this proceeding.