1. WILLS—DEVISE OF REAL PROPERTY—DIRECTION TO SELL—DISCRETION OF EXECUTOR—EQUITABLE CONVERSION—DEATH OF DEVISEE—RIGHT TO DEVISE.

Deceased devised the residue of her estate to A., H., and F., her grandchildren, and provided that, if any one of them should not be of age at the time of testator's decease, the share of such one should be held in trust until the devisee became of age, and authorized her executor to sell any part of her estate, as he might deem most expedient. At the death of deceased, A. and H. were of age, and F. was 12 years old; and, 2 months prior to a sale by testator's executor of the real property devised to the grandchildren, A. died without issue, leaving a husband and her father, as her only heir at law. *Held*, that the contention that A.'s husband was entitled to her part of the proceeds of such real property, because the will contained an imperative direction that such property be sold, which effected an equitable conversion of it into personalty as of the date of testator's death, cannot be sustained, since the sale was in the discretion of the executor, and not necessary to carry out the intent of the testatrix.

2. LAPSED LEGACY—MINOR HEIR—CONSENT—LIABILITY OF EXECUTOR.

Where one of three beneficiaries under a will was a minor, and the executor, with the consent of the beneficiaries, paid a lapsed legacy, the executor must account for one-third of the amount, as trustee of the minor's share of the estate, since neither the minor nor his guardian had any legal power to assent to such payment.

Judicial settlement of Charles A. Tatum as executor of the last will of Maria E. Hibbler, deceased, in which F. D. Preston filed exceptions. Exceptions overruled.

Steele & Otis, for executor.
Dunning & Fowler, for Frederick D. Preston.
Thomas H. Troy, special guardian.

ABBOTT, S. The will of Maria E. Hibbler, after making several specific and general bequests, not material to the questions before me, disposes of her residuary estate as follows:

"Eleventh. All the rest, residue, and remainder of the property and estate, real and personal, of every description and wheresoever situated, of which I may be seised or possessed or to which I may be entitled at the time of my decease, I give, devise, and bequeath unto my grandchildren, Anna H. Tatum, Albert H. Tatum, and Frederick C. Tatum, children of my deceased daughter, Alice H. Tatum, for their own use and benefit forever, share and share alike. But, if any of my grandchildren hereinbefore named shall not be twenty-one years of age at the time of my decease, the share in my estate hereinbefore bequeathed or devised to such grandchild shall be held by the trustee hereinafter named, or his successor, in trust to invest the same and keep the same invested until such grandchild shall attain the age of twenty-one years, and then to pay over to such grandchild the said principal sum, with the interest and accumulations thereon, and, in the event that such grandchild shall die before attaining the age of twenty-one years, then to pay the said principal sum and the interest and accumulations thereon to the survivor among the said grandchildren in equal proportions; the share in such fund of such survivor as shall then be of the age of twenty-one years to be paid forthwith, and, if either survivor shall then be under the age of twenty-one years, his share therein to be paid when he shall become of such age."

She then gives to her executor a power of sale of real property in the following terms:

"Thirteenth. I constitute and appoint my son-in-law Charles A. Tatum, the executor of this my will, and trustee of the several trust estates hereinbefore created; and I hereby authorize and empower my said executor and trustee to sell, at public or private sale, and at such time or times and in such manner, and for such sum or sums, and upon such terms, as to him, in the exercise of his best judgment, may seem most expedient, and to convey all or any part of my real and personal estate as he may consider it necessary or proper to do for the payment of my said debts and of said legacies, and for any other purpose or purposes whatsoever."

The testatrix left surviving her the three grandchildren named in the above-quoted paragraph of her will. Anna H. Tatum and Albert H. Tatum were both over 21 years of age, and Frederick C. Tatum was an infant about 12 years of age. At the time of Mrs. Hibbler's decease, Anna H. Tatum had married, and was the wife of Frederick D. Preston. On June 30, 1900, Anna H. Preston died intestate, without issue, leaving her husband, and, as her only heir at law, her father, Charles A. Tatum, surviving her. Letters of administration were issued to Frederick D. Preston. Mrs. Hibbler's estate consisted entirely of personal property, except one house and lot and stable, which were sold by the executor under the power of sale on August 22, 1900, about two months after the decease of Mrs. Preston. The contention before me involves the disposition to be made of the one-third share of the proceeds of sale of the real property to which Anna H. Preston would have been entitled if living at the time of the sale. Charles A. Tatum claims that share of the proceeds of sale as heir at law of his daughter, Mrs. Preston, while Frederick D. Preston claims it on the theory that the provisions of Mrs. Hibbler's will effected an equitable conversion of her real into personal property as of the date of her decease, and that the share of Mrs. Preston in the real estate passed to him, as her husband, upon her decease, as personal estate, even though there had been no actual conversion until after her decease.

The solution of the questions thus presented necessitates a construction of the eleventh and thirteenth paragraphs of the will of

Maria E. Hibbler. By the eleventh paragraph she gives, devises, and bequeaths "all the rest, residue, and remainder of the property and estate, real and personal, * * * of which I may be seised or possessed, * * * unto my grandchildren Anna H. Tatum, Albert H. Tatum, and Frederick C. Tatum, * * * for their own use and benefit forever, share and share alike." If the will stopped here, there would be no possible occasion for construction. Each of the three grandchildren named would have become vested in fee with an equal, undivided, one-third share of the real estate, as tenants in common. As to the shares thus absolutely devised to Anna H. Tatum (Preston) and Albert H. Tatum, both of whom were of full age at the time of the decease of Maria E. Hibbler, there is no express provision of the will which suggests any intention on the part of the testatrix to devest the same upon any contingency whatever. But it is argued in behalf of Mr. Preston that the subsequent portions of the will imply an imperative direction to the executor to sell and dispose of the real property, and that such implied direction to sell effected an equitable conversion of the real estate as of the date of the decease of the testatrix. After the absolute devise and bequest of her real and personal property to her three grandchildren, the testatrix provides:

"But, if any of my grandchildren hereinbefore named shall not be twenty-one years of age at the time of my decease, the share in my estate hereinbefore bequeathed or devised to such grandchild shall be held * * * in trust to invest the same and keep the same invested until such grandchild shall attain the age of twenty-one years, and then to pay over to such grandchild the said principal sum, with the interest and accumulations thereon."

In the event of the decease of such grandchild before arriving at the age of 21 years, the trustee was directed to pay the said principal fund, with the accumulations, to the survivor among the grandchildren.

I cannot agree with the contention of the counsel for Mr. Preston. I find no provision of this will which renders necessary any implication of a peremptory direction to sell. The only limitation or qualification of the absolute devise of real estate relates to the undivided one-third part thereof devised to Frederick C. Tatum. It is "the share in my estate hereinbefore bequeathed or devised to such grandchild" which is to be held in trust and paid over to "such grandchild" when he arrives at the age of 21 years. There was no necessity of any sale of the real property at all to carry out the intention of the testatrix. The real property could have been held as real property during the period of the minority of Frederick C. Tatum, when the fee would have vested in him absolutely under the terms of the residuary clause of the will. The trust as to the infant's share was to continue only during his minority. The mere use of the words "to pay" contained in this provision is insufficient to warrant the implication of an intention to convert the real into personal estate. Chamberlain v. Taylor, 105 N. Y. 185, 191, 11 N. E. 625, 627. The rule is well settled that a mere discretionary power of sale in executors or trustees does not affect the character or attributes of real property, as real property, until such time as it has been in fact sold and converted into

cash. Chamberlain v. Taylor, 105 N. Y. 185, 11 N. E. 625; White v. Howard, 46 N. Y. 144–162; Wilder v. Ranney, 95 N. Y. 7; Clift v. Moses, 116 N. Y. 144, 22 N. E. 393. A direction to convert is sometimes implied, but "only when the design and purpose of the testator is unequivocal, and the implication so strong as to leave no substantial doubt." Hobson v. Hale, 95 N. Y. 588. The case of Salisbury v. Slade, 160 N. Y. 278, 54 N. E. 741, relied upon by counsel for contestant, is not in point. In the will then under consideration by the court there was first created a life estate in testator's widow as to a part of his real property, and the rest was vested in trustees to collect and pay over rents during the widow's life. The remainder was given to seven children, "to be divided equally between them, * * * except that the shares to my daughters, four in number, were to be held by the executors in trust during the life of each, income to be paid to each, and upon the decease of the daughters, respectively, her share was to be paid to her children." The share of testator's real estate not given to his wife for life, he directed, should "not be sold or divided up during her natural life." It was held by the court (Bartlett, J., writing) that the general scheme of the testator, under the facts of that case, clearly contemplated a sale of the real property, and that such a sale was necessary to carry out the plan of the testator, and that an equitable conversion of the real estate was implied. At page 288, 160 N. Y., and page 743, 54 N. E.:

"The language and general scheme of this will raise an implied and imperative power of sale in order to carry out its provisions. This being so, there was an equitable conversion of the real estate into personalty. * * * It has been remarked that 'precedents are not very valuable where the decision must be based on the peculiar phraseology of the entire will.' Delafield v. Barlow, 107 N. Y. 540, 14 N. E. 498."

And again at pages 289, 290, 160 N. Y., and page 743, 54 N. E.:

"It is difficult to lay down a hard and fast rule in cases of this kind. We have on the one hand the general principle that where the gift is absolute, and the time of payment only postponed, time, not being of the substance of the gift, but relating only to the payment, does not suspend the gift, but merely defers the payment. On the other hand we have a class of cases, which is illustrated by the case at bar, where the entire corpus of the estate is not bequeathed and devised to remainder-men, subject to life estates in trust, whose beneficiaries receive the income and rents, but, on the contrary, the corpus of the estate is to be divided into seven shares, three of which are disposed of absolutely and at once, and four of which may be held in four distinct trusts for many years, subject to life estates falling in at different times."

The facts of the Salisbury Case are not at all like those under the will before me. In that case there was an antecedent life estate, before the termination of which the property was "to be divided," and the respective shares paid over at different times, extending over a long period of time. In the case before me there was an absolute devise of the real estate, to take effect in enjoyment immediately upon the testator's decease, except that an undivided one-third share was to be held by trustees during the minority of the devisee of that share, accompanied by a discretionary power of sale of the entire real estate.

Other questions of minor importance have been raised by the special guardian. The executor, with the consent of the beneficiaries, paid to an old servant of the testatrix the sum of $200, the amount of a legacy to her deceased sister which had lapsed. Of course, neither the infant beneficiary nor his guardian had any legal power to assent to such payment. The executor must therefore be charged with one-third of that amount, to be paid to himself as trustee of the infant's share of the estate. It appears from an affidavit of the executor filed since the filing of the account that the statement contained in Schedule D of the account, to the effect that the infant's share of the estate had been paid to Charles A. Tatum as guardian, was an error. The mortgage turned over to him was in fact assigned to him in his capacity as trustee, and the remainder of the infant's share was invested in mortgages to Charles A. Tatum as trustee for his son Frederick C. Tatum.

The exceptions are overruled, except as to the items of $200. Let decree be presented on two days' notice, in accordance with the views herein expressed. Decreed accordingly.