In the Matter of the Estate of ADELA DOWE, Deceased.

Surrogate's Court, New York County, March 31, 1932.

*Patterson, Christ & Griffin,* for Percy F. Griffin and Irving Trust Company, as executors.

*Davies, Auerbach & Cornell* [*Sydney G. Soons, Percy F. Griffin* and *Dermod Ives* of counsel], for Robert Williamson, as an executor.

*Charles S. Simpson,* brother and sole heir, counsel for self.

*Wickes & Neilson,* for The Berry Schools, Inc.

*Cadwalader, Wickersham & Taft,* for the Salvation Army.

*Kohn & Granirer,* for Rockaway Beach Hospital and Dispensary.

*O. Grant Esterbrook,* for New York Branch of the International Order of the King's Daughters & Sons, Inc.

*Duer & Taylor,* for Peabody Home for Aged and Indigent Women.

*Platt, Taylor & Walker,* for Home for Aged Couples and The King's Daughters, etc.

*George F. Mara,* special guardian.

*Delehanty, Hannon & Evans,* for Frank LeC. Dowe.

FOLEY, S.  (1) The principal issue raised in this accounting proceeding involves the devolution of the real property left by the testatrix.  By the twenty-first paragraph of the will the testatrix gave, devised and bequeathed her ·residuary estate to certain charitable institutions.  The residuary estate amounted to more than one-half of her entire estate.  As the testatrix left her surviving a husband, the provisions of section 17 of the Decedent Estate Law operated to defeat her attempted disposition of more than one-half of her estate (less the debts) to the charitable organizations. The gift was valid to the extent of one-half, and no more.  The real and personal property not validly disposed of descends and is distributable to the same persons who would take had the testatrix died intestate.  Charles S. Simpson, a half-brother of the testatrix, claims to be entitled, as sole heir at law, ·to all of the real estate of which the testatrix died seized.  His claim, under the authorities, is untenable.  His interest in the real estate is only partial.  The real estate was part of the property included in the residuary paragraph of the will, which devised and bequeathed " all of the rest, residue and remainder of my estate, both real and personal " to the charitable organizations.  Thus the title to one-half of the real property vested immediately upon the death of the testatrix in the charitable organizations.  (*Barber* v. *Terry,* 224 N. Y. 334; *Jones* v. *Kelly,* 170 id. 401; *Matter of Braasch,* 206 App. Div. 96.)  The other one-half of the real estate passed by intestacy to Charles S. Simpson, as sole heir of the testatrix at the date of her death.  There is no

authority for the contention of the claimant, Charles S. Simpson, that the devise of the real estate to the charitable institutions is payable out of the personal property in the estate. In *Barber v. Terry* (224 N. Y. 334), where the facts are practically identical with the situation here, Judge POUND, writing for the Court of Appeals, said: " No authority permits us to apportion a devise of real estate out of the personal property (*Matter of Teed*, 59 Hun, 63). In the *Chamberlain Cases* (43 N. Y. 424; 105 N. Y. 185) no realty was devised to the charitable institutions and no intent to resort to the real estate for their advantage was found. The real estate physically remained and descended to the testator's heirs as such because no valid disposition thereof was made. But in this case the real estate was in terms and in kind devised to the charitable institution named and it takes so far as the devise is valid."

The proposed method of division and distribution of the estate, as set forth by the executors in their petition and account is correct and will be adopted by the court.

(2) I hold that the bequest of $5,000, under paragraph twentieth of the will to the " Rockaway Park Hospital," was intended for the " Rockaway Beach Hospital and Dispensary." Proper provision should be made in the decree for payment of the bequest accordingly.

(3) I hold that the real property at Rockaway Park purchased by the executors at foreclosure sale is personalty and should be distributed as such.

Submit decree on notice construing the will and settling the account in accordance therewith.