EDWARD J. DEEGAN, Also Known as EDWARD DEEGAN, and Others, Respondents, *v.* ANDREW J. DEEGAN, Individually and as Executor, etc., of JAMES E. DEEGAN, Deceased, and Another, Appellants, Impleaded with LORETTA DEEGAN DARCEY, Formerly Known as LORETTA DEEGAN, Defendant.

Second Department, April 24, 1936.

*Joseph S. Catalano*, for the appellants.

*Joseph H. Gellman*, for the respondents.

JOHNSTON, J. James E. Deegan died on November 18, 1933, leaving a will by which he devised certain real property in Queens county to his five children, share and share alike. The will was admitted to probate and letters testamentary were issued to Andrew J. Deegan, a son. On December 19, 1935, George J. Deegan, a son, conveyed all his interest in and to the property to himself and Katherine Deegan, his wife. On January 3, 1936, George J., Katherine, his wife, and Edward J. Deegan, his brother, brought this action for partition. The defendants are the remaining three children of James E. Deegan, deceased, and one of them, Andrew J., is executor.

The complaint alleges the rights, shares and interest of the parties in and to the devised premises. The complaint closes with the customary prayer for partition, including the prayer that, if actual partition cannot be had without great prejudice, a sale of the property may be had and a division of the proceeds duly made.

The defendants, other than Loretta Deegan Darcey, moved to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The motion was denied. Appellants contend plaintiffs, having no present estate in possession and no right thereto, cannot maintain the action.

It is well settled that under section 1012 of the Civil Practice Act actual possession is not necessary to maintain an action for partition. " A constructive possession, such as the law draws to the title, is sufficient for the maintenance of the action." (*Wainman* v. *Hampton*, 110 N. Y. 429, 433.) Nor is possession necessary where the action is brought by one having an interest by ownership in the fee. (*Wallace* v. *McEchron*, 176 N. Y. 424; *Satterlee* v. *Kobbe*, 173 id. 91; *Weston* v. *Stoddard*, 137 id. 119; *Leidenthal* v. *Leidenthal*, 121 App. Div. 269, 271.)

Appellants urge, however, that the cases cited have no application because the complaint fails to allege possession or the right thereto and no such right of possession exists by reason of section 13 of the Decedent Estate Law. The statute as far as material provides as follows: " 1. Notwithstanding the absence of a valid power therein, every will of a person dying after August thirty-first, nineteen hundred and thirty, shall be construed to give to the executor or trustee, who has duly qualified, the power to take possession, collect the rents, and manage, and to sell, mortgage and lease, all of the real property, and any interest in any real property, owned by the decedent at the time of his death, and such power may be exercised by the executor or executors, or by any administrator with the will annexed, or by a successor or substituted trustee."

It is the rule that where executors are clothed with the power and duty to sell a testator's real estate and distribute the proceeds in a manner provided by the will, the direction to sell is imperative and operates to convert the realty into personalty, and partition cannot be had. (*McDonald* v. *O'Hara*, 144 N. Y. 566; *Underwood* v. *Curtis*, 127 id. 523; *O'Hara* v. *Tewes*, 234 App. Div. 293.) But, as pointed out by Mr. Justice Davis in the case last cited, " A different rule would apply if there were no imperative directions to sell and the purposes of the will did not require it, or if a different intent were indicated by the language of the will, giving only a naked power of sale." To the same effect are *Chamberlain* v. *Taylor* (105 N. Y. 185); *Manice* v. *Manice* (43 id. 303); *Crittenden* v. *Fairchild* (41 id. 289). The will is not attached to the complaint and the complaint is silent as to whether or not the will contains an imperative direction to sell. A copy of the will, however, is attached to appellants' brief. It contains no clause directing or empowering the executor to sell the real property and, therefore, section 13 of the Decedent Estate Law applies. This statute, however, does not give the executor title to the real property, nor does it direct the executor to sell it. It gives him merely the power to take possession and to sell, mortgage or lease real property in the absence of a valid power in the will for such purposes. This power is not imperative and under the authorities cited gives the executor only a naked discretionary power and does not defeat the right of partition.

Appellants also contend that as it is alleged that George J. and Katherine, his wife, are tenants by the entirety of an undivided one-fifth share, they cannot maintain the action. It is true that section 1018 of the Civil Practice Act provides, " No person other than a joint tenant or a tenant in common of the property shall be

a plaintiff in the action;" but George J. and his wife together own an interest only in one share. George J. is within the class permitted to be a plaintiff in partition and his wife is a necessary party. In *Foster* v. *Foster* (38 Hun, 365) the plaintiff wife was neither a joint tenant nor a tenant in common, but she had an inchoate right of dower in that portion of the premises whereof her husband was seized in fee. The court held she could not be a plaintiff, but when her husband was within the class permitted to institute the action, his wife, who had a contingent interest in his share, may be joined with him as plaintiff. There is no difference in principle between that case and the instant case.

The order denying the motion to dismiss the complaint should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., YOUNG, DAVIS and ADEL, JJ., concur.

Order denying motion to dismiss complaint affirmed, with ten dollars costs and disbursements, with leave to answer within ten days from the entry of the order hereon.