FRITZ *v.* FRITZ.

*(Supreme Court, General Term, First Department. February 18, 1892.)*

PARTITION—LANDS DIRECTED TO BE SOLD—DISCRETION OF EXECUTORS.

The rule that real estate directed by the will to be sold, and the proceeds divided among legatees, cannot be made the subject of partition, is not affected by the fact that the executors are given some discretion as to the time of sale.

Appeal from special term, New York county.

Action by Charles C. Fritz against Emil W. Fritz for partition. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*Booraem, Hamilton & Beckett, (William H. Hamilton,* of counsel,) for appellant. *Mitchel Levy,* for respondent.

VAN BRUNT, P. J. It is the well-established rule that where a testator directs his executors to sell his real estate, and distribute the proceeds among persons named in his will, such real estate is deemed to be converted into personalty, and partition cannot be had. *Underwood* v. *Curtis,* 127 N. Y. 523, 28 N. E. Rep. 585; *Robert* v. *Corning,* 89 N. Y. 225–229; *Morse* v. *Morse,* 85 N. Y. 53–59; *Power* v. *Cassidy,* 79 N. Y. 602; *Everitt* v. *Everitt,* 29 N. Y. 39. This was the direction in the case at bar, and the fact that the executors were given some discretion as to the time of sale in no way changes the result of the direction to sell. In the case of *Underwood* v. *Curtis, supra,* the executors were directed to convert the real estate into money at such time as they might think proper, within a period of 10 years. Held, that the real estate was converted into personalty, and partition could not be had. In *Robert* v. *Corning, supra,* the testator required his executors to sell all his real estate, but authorized them, in their discretion, to delay a sale for a period of 3 years. Held, that this was an absolute conversion of the real estate into personalty as of the time of the testator's death. The case of *Duffy* v. *Duffy,* (Sup.) 3 N. Y. Supp. 23, in no wise conflicts with this view. In that case there was no devise of the real estate in question, or of the proceeds thereof. The will contained a mere naked power of sale, and all that was held was that the real estate descended to the heirs at law; and, unless power of sale was exercised, its existence was no bar to partition. The order and judgment should be reversed, and the demurrer overruled, with leave to the plaintiff, upon payment of the costs and disbursements of this appeal, and of the demurrer in the court below, to withdraw his demurrer.

All concur.