(16 App. Div. 438.)

SMITH v. A. D. FARMER TYPE–FOUNDING CO.

(Supreme Court, Appellate Division, First Department. April 23, 1897.)

TRUSTS—BENEFICIARIES—ELECTION TO TAKE PROPERTY IN SPECIE.

Testatrix, after giving various legacies, devised all the residue of her estate to her executor, in trust, to manage and sell, and to divide the rents, issues, and proceeds, "after deducting the charges, expenses, and bequests mentioned and referred to in this my will, as a charge upon it, and as may occur in the management, disposition, and settlement of" the estate, into two equal parts, one of which she devised to her daughter J., the trustee being directed to pay to J. annually $600 of the rents, until the property should be sold, the excess of half of the rents over that sum to be paid to her with her share of the proceeds of the property when sold. As to the

other share the trustee was directed to pay testator's daughter M. annually $600, until the property should be sold, and then to invest one-half the proceeds of sale and accumulated rents for her, less charges, expenses, and bequests, and to pay the income to M. for life, with remainder to her children. M. died without the power of sale having been exercised. *Held*, that J. and the children of M. could not elect to take the property instead of the proceeds, since they were not immediately entitled to the proceeds, but would be entitled thereto only after an accounting by the trustee.

Appeal from appellate term.

Action by Charles C. Smith, as executor of and trustee under the will of Adaline L. Gregg, deceased, against the A. D. Farmer Type-Founding Company, for rent. From an affirmance in part by the appellate term (41 N. Y. Supp. 788) of an order of the city court, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Albertus Perry, for appellant.

Benjamin Yates, for respondent.

PATTERSON, J.    This action was brought to recover rent under the terms of a lease made between Adaline L. Gregg, as lessor, and Farmer, Little & Co., as lessees. The lessor died, leaving a last will and testament, of which the plaintiff was appointed executor and trustee. The defendant corporation succeeded to the rights of Farmer, Little & Co., and assumed all the obligations and covenants of the lease made to the co-partnership. That lease was for a period of 10 years, from the 27th of January, 1887, at the yearly rental of $3,500, payable monthly, and for the rent due for the month of May, 1896, this action was brought. The plaintiff claims the rent under the will of his testatrix. By the provisions of the sixth clause of that will, the rents, issues, and profits of realty are, with other property, given in trust to the plaintiff, and a mandatory power of sale of the real estate is contained in the same clause, the time and manner of sale alone being left discretionary. An out and out conversion of the realty into personalty was effected by that clause of the will; but the proceeds of the sale of the real estate are made part of a consolidated fund, which fund is created for the ultimate benefit of two daughters of the testatrix, after deductions that can only be ascertained and allowed on the settlement of the estate, when one-half of the fund will be distributable to one daughter or her heirs, and the other half (which was to have been held in trust for the other daughter for life, with remainder to her children) will go to two grandchildren of the testatrix. The power of sale has never been exercised. The daughter whose share of the consolidated fund was to be held in trust has died, and that trust fails. The surviving daughter and the two grandchildren have served notice of an election to take the realty as such, and the defendant sets up in its answer this alleged or attempted reconversion of the property from personalty into land, and claims substantially that the plaintiff's right and title to the rent under the lease, and now sued for, has ceased, and that the real parties to whom the rent is due, and to whom the defendant is responsible, are the surviving daughter and the two grandchildren. Upon

45 N.Y.S.—13

the trial of the cause in the city court of New York, a verdict was found for the plaintiff, under the direction of the court, and exceptions were ordered to be heard in the first instance at the general term, where the exceptions were sustained, and judgment absolute was ordered for the defendant. An appeal was taken to the appellate term of the supreme court, and the judgment of the general term was there affirmed (41 N. Y. Supp. 788), except so far as that judgment provided for the recovery of costs against the plaintiff; and from the judgment of the appellate term the plaintiff appeals to this court,—that is to say, from so much of that judgment as affirms the decision of the general term sustaining the defendant's exceptions.

The courts below have treated the sixth clause of the will of the testatrix as if it presented the simple feature of parties now entitled to the proceeds of land to be realized on the execution of a power of sale, electing to take the land, instead of the proceeds. It was considered by those courts that, on the determination of a trust created for the benefit of one of the testatrix's daughters, the whole estate mentioned in the sixth clause vested in the surviving daughter and the two grandchildren, subject to the power of sale, and that the election of those parties to take the land, instead of the proceeds of sale, put an end to the power; that as the real estate was not disposed of by the executor under the power contained in the will, and as there was no lawful purpose for which a sale was now absolutely required, there was no obstacle to a reconversion of the same by the parties in interest. The general rule relating to the reconversion of land into money or money into land is well understood, and is illustrated by the cases cited in the opinion of the appellate term. That rule is that:

"Where money is given to be laid out in land to be conveyed to a person, though there is no gift of the money to him, yet in equity it is his, and he may elect not to have it laid out; and so, on the other hand, where land is given upon a trust to sell, and to pay the proceeds to a person, though no interest in the land is expressly given to him, in equity he is the owner, and the trustee must convey as he shall direct." Leigh & D. Convers. 170.

But before such a reconversion can be made, or such election had, the parties seeking to elect must, upon the sale of the land, at once be entitled to the money. Hetzel v. Barber, 69 N. Y. 11. In that case the court remarks:

"As they are entitled at once to the money, they could at public or private sale offer more for the land than any one else, and could thus, if the donee of the power acted honestly and fairly, prevent a sale to any one else, or they could take the money, and at once invest the same in land. Hence the law very properly gives them the right to elect to take the land, and it must be presumed to have been the intention of the donor of the power that they should have such election."

But in the case at bar the surviving daughter and the grandchildren of the testatrix are not entitled at once to the proceeds of the sale. Those proceeds must be received by the executor, for by the sixth clause of the will they are drawn into the settlement of the estate. Nor is a presumption allowable of an intention of the testatrix to authorize a reconversion of the money into land. The difficulty with the present case is that the surviving daughter and the grandchildren are not given the proceeds of the land independently and as a sep-

arate bequest.    The whole scheme of the sixth clause indicates an intention of the testatrix that her children and grandchildren shall never take the land as such.    The disposition made by the testatrix by the sixth clause is of her whole residuary estate, consisting of personal property, the rents, issues, and profits of real estate, and proceeds of real estate, all of which are, by necessary construction, to be massed or mingled in one combined or consolidated fund; and the bequest to the children and grandchildren is of moieties of that consolidated fund, after deductions to be made.    In order to constitute that fund, the executor must sell the land, and receive the proceeds, or else the testamentary intent of the testatrix is defeated. The purpose is not destroyed by reason of the death, before the execution of the power of sale, of one of the daughters of the testatrix. The provisions of the sixth clause are as follows, viz.:

"All the rest, residue, and remainder of my real and personal estate, wheresoever and whatsoever it may be at the time of my decease, and rights, claims, dues, and demands, whether now held or hereafter obtained by me [that would include certain claims against a third daughter of the testatrix, as provided in the tenth clause of the will], I do hereby give, devise, and bequeath unto Charles C. Smith, Esq., my executor hereinafter named, to have and to hold the same, but nevertheless in trust, and upon the uses and trusts and for the purposes provided in this my will.    And I do hereby fully authorize and empower my said executor and trustee to manage, lease, mortgage, and to sell and dispose of all my real estate, or any part thereof, or any rights therein, at public or private sale, and at such time or times, and in such manner, as he may deem proper,    *    *    *    and to divide and apportion the rents, issues. and proceeds of the sale thereof, after deducting the charges, expenses, and bequests mentioned and referred to in this, my will, as a charge upon, and as may occur in the management, disposition, and settlement of my estate in two equal parts, portions, or shares, one of which equal parts, portions, or shares of said rents, issues, and sale I hereby give, devise, and bequeath to my daughter Mrs. Josephine Hillyard, and her heirs and assigns, forever, to be paid as follows:    I direct my said executor and trustee to pay to her or them six hundred dollars of the rents of said real estate during and for each and every year until the same is sold, and then whatever may remain out of said rents and the proceeds of said equal part, portion, or share of said real estate when sold, less the aforesaid charges, expenses, and bequests, to pay the same to her or them.    And the other of said equal parts, portions, or shares of said rents, issues, and proceeds of said sale I direct my said executor and trustee to pay six hundred dollars of the rents thereof to my daughter Mrs. Minnie Gowing, during and for each and every year until such real estate is sold as aforesaid, and then to invest, and, if need be, reinvest, whatever may remain due of said rents and the proceeds of the sales of the last-mentioned part, portion, or share, less said charges, expenses, and bequests, and the sum of five hundred dollars to be allowed to her out of said proceeds, and to pay the interest and income of the balance thereof to her during and for the remainder of her natural life; and, upon her decease, whatever may afterwards become or fall due of said rents, and the balance of said proceeds of said sale so invested, I give and bequeath to her children and my grandchildren [naming them], to be equally divided between them, and to belong to them and their heirs, forever."

This residuary estate is therefore given to the executor in trust. He is to receive the rents and profits of the real estate forming part thereof.    Out of the rents and profits he is to pay annuities until the power of sale is exercised.    These annuities are the $600 a year to each daughter.    The surplus rents accumulate.    They are to be added to the proceeds of sale when that sale is effected under the power,

and then the consolidated fund is distributable. Those provisions of the will create a trust for the purpose of paying legacies, for an annuity is a legacy, and, when payable out of the rents, is a charge on the land. Hawley v. James, 5 Paige, 461; Mason v. Jones, 2 Barb. 229; Mason v. Mason, 2 Sandf. Ch. 432. The fact that there results an accumulation of rents over and above the amount necessary to pay the annuities does not invalidate the trust, for the accumulated rents would go to those persons who were entitled to the next eventual estate. Manice v. Manice, 43 N. Y. 303; Cochrane v. Schell, 140 N. Y. 516, 35 N. E. 971. The persons so entitled to the surplus rents may be the two daughters, or at the present time the one daughter, and the two grandchildren; but that does not give them the present right to elect to reconvert the money into land, for, taking out the surplus rents, they are not entitled to the proceeds of sale until an accounting or settlement by the executor for what is left of the fund. All the residuary estate mentioned in the sixth clause is mingled. Although awkwardly expressed, it is provided by that clause that the proceeds of the sale of land are to be divided into two equal parts, after deducting the charges, expenses, and bequests mentioned and referred to in the will as a charge upon and as may occur in the management, disposition, and settlement of the testatrix's estate. The daughters and grandchildren are therefore not at once entitled to the proceeds. How much of these proceeds of the sale will go to them cannot be ascertained until the whole estate is administered and settled, and to reconvert the land and take away the proceeds from the executor would prevent him from settling the estate in the manner contemplated and intended by the testatrix.

I think the effect of the sixth clause of the will is to combine all the residuary estate into a consolidated fund, and that the whole residuary estate is to be considered as personal estate from the death of the testatrix, and that the rents and profits of the real estate and the proceeds of sale are legal assets in the executor's hands, for which he is bound to account as personal estate (Stagg v. Jackson, 1 N. Y. 206); that the surviving daughter and the grandchildren take, as legatees, distributive shares, not of separated proceeds of sale, but of a fund of which the proceeds of sale constitute merely a part; and that, under such circumstances, there is no right of election to reconvert the proceeds of the sale into the land. There is no void trust as to the realty, because the power of alienation is not suspended. The executor may convey a fee at any time. There is no unlawful suspension of the absolute ownership of personal property, because the distribution must be made within or at the expiration of two lives, namely, those of the testatrix's two daughters, and the plaintiff is entitled to receive the rents of the property in question, and the judgments of the courts below were wrong, and should be reversed, and the exceptions overruled, and judgment entered for the plaintiff, as directed in the trial court. All concur.