Brooklyn Trust Company, as Executor of and Trustee under the Last Will and Testament and Codicil of Stephen M. Kiernan, Deceased, Plaintiff, v. George S. Kernan, Esther May Ettinger, as Executrix of the Will of Esther Dalton, Deceased, Defendants.

(Supreme Court, Kings Special Term for Trials, August, 1919.)

Wills — construction of — when beneficiaries may elect to take real property irrespective of power of sale — trusts — residuary estates — deeds.

Where competent parties of full age are beneficially interested in the proceeds of real property directed by will to be sold, and the gift is not in trust, the beneficiaries may elect to take the property itself and so extinguish the executor's power of sale.

This rule, however, does not apply where all the beneficiaries do not so elect or where a beneficiary is an infant or an incompetent nor where a beneficiary is not entitled to take the proceeds of sale at once.

A testator, after certain bequests, gave all the remainder of his estate to his executors in trust, to sell and convert the same into cash, and until that should be done to take charge of the property, receive the rents, apply them to the payment of taxes, etc., and pay the balance to his three nieces, and when the residuary estate should be converted into cash to divide

the net proceeds among them equally. The will further pro vided that if either of said nieces was dead at the time of the distribution of the proceeds of the residuary estate, her share should go to her issue, and if there were no issue, then to the survivor of said nieces. The estate, exclusive of the residue, is ample to pay all specific legacies, debts, taxes and expenses. In an action brought for a construction of the will, *held,* that the three nieces had the right to elect to take the real property included in the residuary estate given to them, and to convey the same by a joint deed after the probate of the will.

ACTION for the construction of a will.

Cullen & Dykman (Francis L. Durk, of counsel), for plaintiff.

Michael J. Joyce, for defendant George S. Kernan.

Lind & Pfeiffer (Alexander Pfeiffer, of counsel), for defendant Esther May Ettinger.

CROPSEY, J. The plaintiff is the executor of a will under which after making various bequests the testator gave to his executors all the remainder of his property in trust to sell and convert it into cash and until that should be done to take charge of the property and receive the rents and apply them to the payment of taxes, etc., and to pay the balance of them to designated persons and when the residuary should be converted into cash to divide the net proceeds among the persons named equally. It further provided that if either of the designated persons was dead at the time of the distribution of the proceeds of the sale of the residuary estate then her share should go to her issue and if there were no issue then to the survivors of those designated. It is conceded that the estate, exclusive of the residuary, is sufficient to pay all specific

legacies, debts, taxes and expenses. The three desig‑ nated beneficiaries were all competent and of age and shortly after probate of the will they joined in con‑ veyances of the property included in the residuary clause of the will. Their right to do so is now chal‑ lenged by the plaintiff. It is also challenged by the personal representative of one of the designated bene‑ ficiaries who has died since this sale was made. Their claim is that there is a valid trust created and that the conveyances executed by the beneficiaries are clouds on the title.

It cannot be doubted that where real property is directed to be sold and the proceeds distributed the parties beneficially interested may, if competent and of full age and the gift is not in trust, elect, before the conversion has actually taken place, to take the property, and thus the power of sale in the executors become extinguished. *Hetzel* v. *Barber,* 69 N. Y. 1; *Prentice* v. *Janssen,* 79 id. 478; *Mellen* v. *Mellen,* 139 id. 210, 220; *Trask* v. *Sturges,* 170 id. 482, 497. But this rule does not apply where all the beneficiaries do not elect or where a beneficiary is incapable of electing, being an infant or an incompetent. *McDonald* v. *O'Hara,* 9 Misc. Rep. 686; affd., 144 N. Y. 566. Nor does the rule apply where a beneficiary is not entitled to take the proceeds of sale at once. *Smith* v. *Farmer Type Founding Co.,* 16 App. Div. 438. While the cases state that the gift must not be in trust that evidently means not a trust that is to continue after the sale and distribution. In other words, it means the same as saying beneficiaries must be entitled to take at once in the event of a sale. Beneficiaries may be vested with the remainder even though a trust exists. *Matter of Tompkins,* 154 N. Y. 634. And even though the bene‑ ficiaries have only an equitable interest in the property and not the legal title to it they may make the election

to take and to dispense with the sale. *Harper* v. *Chatham Nat. Bank,* 17 Misc. Rep. 221.

Even according to the plaintiff's contention the only trust created was not to continue beyond the time of sale. It was to terminate then when the distribution was to be made. But there is no trust created by the will. This is always a question of intention. No specific language is necessary to create a trust nor does any particular language necessarily create it. Whether or not it exists is to be determined in each case from all the circumstances in accordance with the seeming intention of the testator. Here there is no indication that the deceased intended to create a trust. He evidently meant his three nieces whom he named to have his residuary estate. And he intended them to have it without waiting for any contingency to occur. Giving the property to his executors to sell it and to distribute the proceeds did not give them any estate. While one of the express trusts is to sell real property for the benefit of legatees (Real Property Law, § 96, subd. 2) a devise merely for that purpose does not vest the executor with any estate (§ 97). The provision is valid merely as a power. The only trust that is or can be claimed to exist is the one to receive and distribute the rents. But there seems to have been no intention to create such a trust. The testator intended his nieces to have the property and the income from it. The power to collect the rents was merely incidental to the exercise of the power of sale. Provisions akin to those in the case at bar have been held not to create valid trusts but merely to give a power of sale. *Heermans* v. *Burt,* 78 N. Y. 259, 266, 267; *Henderson* v. *Henderson,* 113 id. 1, 10–12. See also *Matter of Conger,* 81 App. Div. 493. It may be that citations are of little value on this point for decisions seemingly quite at variance with those just referred

to can be found. *Morse* v. *Morse,* 85 N. Y. 53; *Hubbard* v. *Housley,* 43 App. Div. 129. As has been already stated the question in each case is one of intention. So it has been held that a valid trust may be created where property was to be sold and distributed although there was no express power given to collect the rents. This because no other disposition of them was made and so that was held to be the testator's intention. *Kelly* v. *Hoey,* 35 App. Div. 273; *Russell* v. *Hilton,* 80 App. Div. 178, and *Stewart* v. *Woolley,* 121 id. 531, are plainly not in point. In each there was a trust created in a portion of the proceeds to come from the sale.

The provision that if either of the nieces should be dead at the time of distribution her share should go to her issue or, if none, to the survivor, does not affect the question at bar. There was an intent to vest the gifts absolutely and at once in the nieces. They got an absolute title subject only to a limitation over to their issue or survivor in case of their death before obtaining their interest. *Robert* v. *Corning,* 89 N. Y. 226, 239–241; *Henderson* v. *Henderson,* 113 id. 1, 13–16; *Bowditch* v. *Ayrault,* 138 id. 222. Here the nieces elected to take the property and in fact sold it. Thus they have received the proceeds of sale and the situation is exactly the same as though the executor had sold the property and made distribution. The death of one of the nieces since that time has no effect whatever. The nieces had the right to make the election and so to make the conveyances. Judgment for the defendant Kernan, with costs to him.

Judgment for defendant Kernan, with costs.