GEORGE S. ALLISON and Another, Plaintiffs, *v.* CORNELIA H. COFFIN and Others, Defendants.

Supreme Court, Rockland County, August 31, 1925.

Partition — action for partition of parcels of real estate coming into possession of plaintiffs and defendants upon testator's death — clause in will by which decedent devised all his real and personal property to children and authorized his executors " to sell and dispose of all the real property * * * of which I may die seized " worked equitable conversion — defendants entitled to judgment on pleadings, dismissing complaint.

Real estate will be deemed to be converted into personalty and partition cannot be had where a testator directs his executors to sell his real estate and distribute the proceeds among persons named in his will.

Accordingly, defendants are entitled to judgment on the pleadings, dismissing plaintiffs' complaint, in an action for the partition of forty parcels of real estate coming into the possession of plaintiffs and defendants upon the testator's death, under the provisions of a will by which the decedent devised all his real and personal property to his children and authorized his executors " to sell and dispose of all the real property * * * of which I may die seized," since said direction worked an equitable conversion of decedent's real property into personal property; and, therefore, plaintiffs are precluded from maintaining their action.

Motion by the defendants in an action for partition to dismiss the complaint.

*Morton Lexow,* for the plaintiffs.

*Fred W. Penny* [*Thomas Gagan* of counsel], for the defendants.

Tompkins, J.:

The defendants move for a judgment on the pleadings, dismissing the complaint. The action is for a partition of forty odd parcels of real estate situated in the county of Rockland. The plaintiffs and the defendants are the children and grandchildren and their respective wives and husbands of Brewster J. Allison, who died on the 28th day of October, 1916, seized in fee simple of the premises in question, which, by his last will and testament, he devised as follows:

" *Third.* I give, devise and bequeath all the rest, residue and remainder of the property and estate, both real and personal, of which I may die seized and possessed, and wheresoever situate, unto my children, share and share alike; both subject to the provisions hereinafter contained.

" *Fourth.* For the purpose of making an equal and just division and distribution of my said estate, to and amongst my said children, I authorize, direct and empower my said executors or the survivors of them, to sell and dispose of all the real property, and of any undivided share of or interest in real property of which I may die seized, either at public or private sale, and at such time or times, as they may deem expedient and proper; and to execute, acknowledge and deliver to the purchaser or purchasers good and sufficient deed of conveyance in the law for the same, and my said children, or any or either of them may purchase and become the owners or owner of any tract or parcel thereof for a fair and reasonable consideration; and my said executors, upon the sale of my real property, are directed to distribute and pay over the proceeds thereof to my said children, share and share alike; and meanwhile, that is to say, until the sale of my said real property, it is my will, and I hereby direct that my said executors shall take possession and control thereof, and rent, maintain, operate and use the same

as I have been accustomed to do; to keep the buildings thereon in good repair and insure against loss or damage by fire; to sell and if necessary use the produce, collect the rental and income therefrom and, after deducting all legitimate expenditures, to pay over the net proceeds unto my said children in equal shares, from time to time, but only when they deem it proper to make such distribution, and I further authorize and empower my said executors and the survivors of them, if in their good judgment and discretion it shall seem expedient and proper so to do, for and in behalf of my estate, to carry on the business of manufacturing bricks, in which I may be engaged at the time of my decease either alone or in conjunction with any other person or persons, and for such a period of time as they may deem advisable and for the best interest of my estate, and to employ and use in such business so much of my personal estate as they may deem necessary and my said executors are further directed and required, from time to time to account for and pay over the net proceeds of any such business to my said children, in equal shares of amounts; and they shall not be chargeable with any loss or losses which result from carrying on of any such business, except such as may arise through their negligence and want of care.

" *Fifth.* It is my will and I hereby direct that my said executors proceed with reasonable diligence in the administration, settlement and distribution of my estate; and upon the discontinuance of the brick manufacture business, which they are hereinbefore authorized to carry on, they are hereby required without unnecessary delay to convert the property used therein, real and personal into money; to discharge all lawful obligations therefrom, and distribute and pay over the balance to my said children in equal shares."

This motion is made by the defendants to dismiss the complaint on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action. The complaint contains a copy of the said last will and testament of the said Brewster J. Allison, deceased, and then recites the usual allegations of a complaint in a partition suit. The defendants' claim is that by the terms of the will there was an equitable conversion of the testator's real property into personal property and that, therefore, the plaintiffs may not maintain this action. I think that the language of this will must be construed to effect an equitable conversion. The authorities all hold that an imperative direction contained in a will to sell real estate and distribute the proceeds thereof constitutes an equitable conversion. (*Robert* v. *Corning,* 89 N. Y. 225; *Hope* v. *Brewer,* 136 id. 126; *McDonald* v. *O'Hara,* 144 id. 566; *Matter of Earnshaw,* 196 id. 330; *Union Trust Company*

*v. Cole,* 198 App. Div. 534.) And it has been so held even where the will leaves to the discretion of the executors the time and manner of sale. (*Fisher* v. *Banta,* 66 N. Y. 468; *Underwood* v. *Curtis,* 127 id. 523.)

The language of the will in question contains an imperative direction " to sell and dispose of all of the real property and of any undivided share of or interest in real property of which I may die seized," and only leaves to the judgment of the executors the time and manner of such sale. It follows, therefore, that the plaintiffs cannot maintain this action in partition. (*Delafield* v. *Barlow,* 107 N. Y. 535; *Underwood* v. *Curtis,* 127 id. 523.)

In the last named case the court said: " Partition cannot be had because, in the view we have taken, the testator has converted his estate into personalty."

In *Fritz* v. *Fritz* (63 Hun, 629; 17 N. Y. Supp. 800) the General Term of the First Department said: " It is the well-established rule that where a testator directs his executors to sell his real estate, and distribute the proceeds among persons named in his will, such real estate is deemed to be converted into personalty, and partition cannot be had."

All of these facts appearing on the face of the complaint, it follows that the defendants' motion for judgment on the pleadings dismissing the complaint must be granted.