FRANK O'HARA, Individually and as Executor, etc., of CLARA M. O'HARA, Deceased, Respondent, v. HENRY E. TEWES and Others, Defendants, Impleaded with FRED TEWES and Another, as Executors, etc., of ELISABETH TEWES, Deceased, Appellants.

Second Department, December 18, 1931.

*Philip Wolinsky*, for the appellants.

*Frederick S. Rauber*, for the respondent.

DAVIS, J. The plaintiff has brought an action for partition, alleging in his complaint that he and others are " seized in fee and possessed of the premises hereinbefore described, as tenants in common." The motion to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action was denied.

The property in question, together with personal estate, was owned in her lifetime by Elisabeth Tewes. By her last will and testament she provided for the payment of debts and the investment of a trust fund of $1,000 for a grandchild, to be deposited in some savings bank and paid over with the accumulations when the grandchild reached the age of twenty-one years. It was then recited that an advancement of $2,800 had been made to one son by an earlier conveyance of property.

A trust was created by devising and bequeathing to the executors in trust all the remainder of the property of the testatrix, real and personal, " to sell and dispose of the same and to turn the same into cash and divide the proceeds among my four children " (naming them); and such shares were devised and bequeathed to them, deducting the $2,800 from the share of one heretofore mentioned. Three of the sons were appointed executors and trustees, " with full power and authority to sell and dispose of any part or all of my real property and estate for such price or prices and on such terms and conditions as to them or such of them who may act, or the survivors of them may seem best, and to make, execute, acknowledge and deliver good and sufficient deeds or other instruments of conveyance for the conveyance of the same." It is the position of the respondent that no trust was created and that no title to the real estate vested in the trustees, but that the will contained only a power in trust, with the title of the property vesting in the devisees.

We reach a different conclusion. Section 96 of the Real Property Law provides in part as follows: "An express trust may be created for one or more of the following purposes: * * *

" 2. To sell, mortgage or lease real property for the benefit of annuitants or other legatees, or for the purpose of satisfying any charge thereon."

It is evident to us that the purpose of the testatrix was to vest the title in the trustees with an imperative power of sale, with discretion as to price and terms and an implied discretion as to time of making such sale, and with incidental powers of control of the property in the meantime; and that intent is manifest in the language of the will. There are clear trust duties in making investment for the grandchild and in making division between the legatees, deducting the amount of the advancement. (*Hubbard* v. *Housley*, 43 App. Div. 129; *Russell* v. *Hilton*, 80 id. 178; *Morse* v. *Morse*, 85 N. Y. 53.) A different rule would apply if there were no imperative directions to sell and the purposes of the will did not require it, or if a different intent were indicated by the language of the will, giving only a naked power of sale. (*Chamberlain* v. *Taylor*, 105

N. Y. 185; *Crittenden* v. *Fairchild*, 41 id. 289; *Manice* v. *Manice*, 43 id. 303.) Here there is more than the naked power to sell with optional exercise thereof, and there is no devise of the real property to those named in the will, of whom plaintiff's testatrix was one. Possession and control were vested in the trustees, and not in the devisees. Having no present estate in possession and no title, the plaintiff cannot maintain this action.

Even if we were inclined to accept the plaintiff's theory that the title descended to the devisees subject to a power of sale not yet exercised, the right of the plaintiff to maintain the action would still not exist. The election to take the property and so extinguish the power of sale given to the executors is incomplete, because it has not been made by all of the devisees. (*McDonald* v. *O'Hara*, 144 N. Y. 566.) (See, also, *Brooklyn Trust Co.* v. *Kernan*, 108 Misc. 452.)

The order should be reversed on the law, with ten dollars costs and disbursements, the motion to dismiss the complaint granted, with ten dollars costs, and judgment directed for the defendants.

HAGARTY, CARSWELL and SCUDDER, JJ., concur; LAZANSKY, P. J., concurs in result.

Order denying motion to dismiss complaint reversed on the law, with ten dollars costs and disbursements, motion granted, with ten dollars costs, and judgment directed for defendants.