In the Matter of the Estate of FRANCES L. LOCKWOOD, Deceased.

Surrogate's Court, New York County, January 6, 1937.

*Larkin, Rathbone & Perry* [*Albert Stickney, Albert B. Maginnes* and *Leonard A. Blue* of counsel], for the petitioner.

*Hanford S. Weed* [*Herbert G. McLear* and *William J. Carey* of counsel], for the objectants.

FOLEY, S.   This is an application by three beneficiaries under the will of the testatrix to compel the substituted trustee, a trust company, to convey to them the legal title to certain interests in real property held by it.   A decree was previously entered judicially settling the account of the corporate trustee.   The question involved here was not raised in the contested accounting.   The issue is, upon the termination of a trust, of which a participation certificate in a foreclosed mortgage is an asset, whether the beneficiary is entitled to a deed to his undivided share of the realty or whether the beneficiary must await the salvage and sale of the realty and its conversion into cash?   The real property here was acquired by the trust company by foreclosure.   It had been security for a bond and mortgage in the sum of $29,500, placed by the trust company, pursuant to the authority of subdivision 7 of section 188 of the Banking Law, in which a participation to the extent of $800 was allocated to the trust under the will.   The balance of the mortgage was assigned by the company to other persons or to trusts in other estates.

The application is denied.   The legal title to the real property acquired upon foreclosure became vested in the trust company. It held it under a trust implied by general principles of law and equity, and by the specific provisions of the Banking Law under which the mortgage was placed and allocated.   As between the trust company and the various participants, it retained the character of the mortgage indebtedness and is personalty in its hands. Again, the specific participation, as between the trust company as trustee of this estate and the beneficiaries, who are the applicants here, retained its character as personalty.   The interests of all the participants, including the applicants here, are equitable estates. (*Lockman* v. *Reilly,* 95 N. Y. 64; *Matter of Lathers,* SLATER, S., 122 Misc. 543.)   As personalty it is the duty of the company to convert the foreclosed real estate into money and to account and to distribute to all the participants upon a liquidation.   (*Matter of Miller,* 257 N. Y. 349, at p. 355; *Matter of Thomas,* 254 id. 292; *Perillo* v. *Zunino,* 259 id. 21.)

The individual beneficiaries of this estate did not acquire an undivided interest in the fee of the foreclosed property and, consequently, never became entitled to a conveyance which might evidence such undivided interest in the fee.   They were not necessary parties to the foreclosure.   (*Lockman* v. *Reilly,* 95 N. Y. 64.)

Counsel for the applicants here frankly admitted upon the argument of this motion that if he obtained the conveyances for his clients he intends to commence a partition action for the sale of the foreclosed property. Under the authorities his clients have no status to bring such an action. Because of the retention of the character of the property as personalty, no right to enforce partition exists. The situation in this regard is no different from an attempt by a beneficiary or a remainderman of an estate to compel partition where the will directs an equitable conversion of realty by an imperative power of sale. Partition in such cases cannot be had because the testator has converted his estate into personalty. (*Delafield* v. *Barlow*, 107 N. Y. 535; *Underwood* v. *Curtis*, 127 id. 523; *Fritz* v. *Fritz*, 63 Hun, 629; *Allison* v. *Coffin*, 125 Misc. 615; *O'Hara* v. *Tewes*, 234 App. Div. 293.) We are not dealing here with a situation where all the participants in the mortgage might elect to take realty in kind.

In addition to these general principles of law and equity, applicable to the determination of the question, the Legislature has specifically created a form of statutory authority for the liquidation of the mortgage. It has recognized that only under a uniform control and single management and operation of defaulted mortgage investments and foreclosed real property can the rights and interests of all the shareholders be safeguarded (*Matter of People [Title & Mortgage Guarantee Co. of Buffalo]*, 264 N. Y. 69), and accordingly has authorized and empowered, by an amendment to subdivision 7 of section 188 of the Banking Law (Laws of 1933, chap. 323), a corporate fiduciary to take such measures " for the protection of the mortgage loan and the preservation of the security and the management of, utilization and sale of any real estate which may be acquired on foreclosure as may be necessary and appropriate, and to exercise all other rights of ownership in respect of the entire bond and mortgage." Under the statutory plan (Banking Law, § 188, and Decedent Estate Law, § 111), a corporate trustee (1) may retain the real property in its own name and under its direct control, or (2) form a real estate corporation for the acquisition, management and liquidation of the real property. In the former case, a certificate of participation evidences the interest of the particular trust or the particular beneficiary of its or his proportionate share of the mortgage. In the latter case, such interest is evidenced by a proportionate part of the capital stock and of the bonds of the real estate corporation. In the pending case, title to the foreclosed property was taken by the corporate trustee in its own name. The trust company has properly exercised its authority under the law

and under the specific statutory grant, to hold the legal title to the property in its entirety for the proper administration, management, operation and ultimate liquidation of the property for the benefit of all the parties who had interests in the mortgage. It would be inequitable to the other participants in the original bond and mortgage to require the delivery of a deed of the relatively small interests to each beneficiary in the foreclosed property. A marketable title could not be given without the consent of these beneficiaries and a complex and intricate impediment to final liquidation by reason of the outstanding interests would inevitably arise.

Prior to the settlement of the decree on the accounting herein, the beneficiaries stipulated to take in kind their fractional undivided shares. The decree provided for distribution of these shares of the remainder to the respective beneficiaries and its directions for the delivery of the participation certificates in other mortgages and in the foreclosed property, involved here, plainly precluded the delivery of a deed.

I hold that the delivery of participation certificates by the trustee to the beneficiaries constitutes a sufficient compliance with the terms of the stipulation of the parties and with the terms of the decree. Because of the statutory powers granted to the trust company and the applicable rules of equity, it cannot presently be compelled to convey to the beneficiaries, who are the remaindermen of the trust, an undivided share of the fee of the real property. Upon a sale of the property, distribution of the cash proceeds in the respective amounts owing to them must be made.

Submit order on notice denying the application accordingly.